UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| FORREST GLENN SHUNN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GORDON BENSON; CLINICIAN SCHMIDT; LT. DOBLER; and TEREMA CARLIN, WARDEN OF ICI-O,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-00085-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Forrest Glenn Shunn is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 7.

　　　　Plaintiff has now filed an Amended Complaint. *See* Dkt. 9. Plaintiff asserts retaliation claims, due process claims, Eighth Amendment claims, and claims under Idaho state law.[1] *See generally id.* The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

---

[1] Plaintiff also reasserts claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As stated in the Initial Review Order, *Bivens* does not apply to this action, which does not name any federal officer as a Defendant. Thus, Plaintiff's *Bivens* claims are implausible.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.	Discussion

The Amended Complaint fails to state a plausible civil rights claim under 42 U.S.C. § 1983. Though Plaintiff states that he was harassed and treated poorly after he wrote his letter to the parole board, mere timing is insufficient to plausibly allege a retaliatory motive. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). As for Plaintiff's due process claims, he has not alleged any facts relevant to the factors set forth in *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995). As a result, Plaintiff has not plausibly alleged that he had a liberty interest in avoiding discipline with respect to his Disciplinary Offense Report ("DOR").

Plaintiff's Eighth Amendment mental health treatment claim is also implausible. Plaintiff states that he had a session with the mental health provider, who determined that Plaintiff did not have a mental health problem. Instead, the provider believed that Plaintiff "wanted the DOR to go away." *Am. Compl*. at 6. There is nothing in the Amended Complaint to plausibly suggest that the provider subjectively knew of a substantial risk of serious harm to Plaintiff's mental health yet deliberately disregarded that risk. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (differences in judgment between an inmate and medical staff are insufficient to support Eighth Amendment claims).

Plaintiff's state law claims are also implausible. The allegations in the Amended Complaint do not give rise to a reasonable inference that the mental health provider committed malpractice—as opposed to reasonably exercising independent medical

judgment—or that any other Defendant acted negligently with respect to Plaintiff's medical treatment.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**4.   Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Request for Leave of the Court for Permission to File Amended Civil Rights Complaint (Dkt. 8) is GRANTED IN PART, to the extent that the Court has screened the Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: June 16, 2020

B. Lynn Winmill
U.S. District Court Judge